IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JAMAHL HARIM SIMMONS** : | **CIVIL ACTION** |
| : | |
| v. : | **NO. 18-873** |
| : | |
| **STATE OF PENNSYLVANIA** : | |

# ORDER

**AND NOW**, this 13th day of March 2018, upon review of Plaintiff's "Response to Order Dated 2/28/2018" (ECF Doc. No. 4) which we construe as seeking reconsideration of our February 28, 2018 Order (ECF Doc. No. 2), it is **ORDERED** Plaintiff's Motion (ECF Doc. No. 4) is **DENIED**.[1]

_____
**KEARNEY, J.**

---

[1] Mr. Simmons appears to assert he need not file a petition under 28 U.S.C. § 2255 because he challenges our jurisdiction over him at the time of his sentencing; a challenge he claims is his right to raise at any time and not through a § 2255 petition. He argues we have the "authority" and "duty" to "declare the judgment void and discharged." ECF Doc. No. 4 at 3-4.

As explained in our February 28, 2018 Order, a petition under § 2255 is the "exclusive means by which a federal prisoner can challenge a conviction or sentence that allegedly is in violation of the Constitution or federal laws or that is otherwise subject to collateral attack." *See* ECF Doc. No. 2 at n. 1. We gave Mr. Simmons leave to timely file a § 2255 petition to be assigned to the trial judge. He chose not to do so as yet and instead filed his "Response" which we now construe as a motion for reconsideration.

A motion for reconsideration may only be granted where the moving party shows: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [ruled]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (citation omitted). "Because federal courts have a strong interest in the finality of judgments, motions for consideration should be granted sparingly." *Cont'l Cas. Co. v. Diversified Indus., Inc.*, 884 F.Supp. 937, 943 (E.D. Pa. 1995). Mr. Simmons simply disagrees with our interpretation of the law. He does not meet the standards necessary for reconsideration.